UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 10-41178-EPK

307 EAST LLC,                                       Chapter 11 Case

      Debtor.
_____/

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
(I) AUTHORIZING POST PETITION FINANCING, GRANTING SECURITY
INTERESTS AND ACCORDING ADMINISTRATIVE CLAIM STATUS, AND
(II) APPROVING THE FORM OF NOTICE AND SCHEDULING
<u>OF FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001</u>**

**(EMERGENCY HEARING REQUESTED)**

**The Debtor requests that the Court consider this Motion as soon as possible.[i] The Debtor does not currently generate sufficient cash to meet its day to day operating expenses. The DIP Lender (as defined below) has offered to provide short-term financing to the Debtor in order to permit the Debtor to operate the business while a plan of reorganization is developed.**

307 East LLC, the debtor-in-possession (the "Debtor"), by and through undersigned counsel, hereby moves this Court pursuant to sections 364 and 507 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rules 4001-1 and 9013-1, for (i) entry of interim and final order orders in substantially the form attached hereto as **<u>Exhibit A</u>** authorizing the Debtor to obtain post-petition financing subject to administrative priority and (ii) approving the form of notice of and scheduling a hearing pursuant to Bankruptcy Rule 4001.

**Statement of Exigent Circumstances**

The Debtor operates a restaurant and bar located in Delray Beach, Florida. The Debtor does not have sufficient cash to pay necessary and critical operating expenses, including payroll, inventory, occupancy expenses and other ordinary course of business charges. As evidenced by the Debtor's Budget (defined below), it will have insufficient available cash to operate business without the proposed post-petition financing. As such, the Debtor requires additional liquidity to operate. The Debtor has obtained a commitment for up to $60,000 in postpetition financing upon the terms and conditions described below. Pending a final hearing on this Motion, the Debtor seeks authority to borrow up to $22,000 on an interim basis, to pay critical operating expenses of the Debtor. The Debtor respectfully requests that the Court waive the provisions of Local Rule 9075-1(B) which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in the Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

**Background**

1. On the date hereof (the "Petition Date"), 307 East LLC ("307" or the "Debtor"), filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor operates a restaurant known as "Paddy McGee's" in Delray Beach, Florida. The restaurant opened for business on May 1, 2010.

3. The Debtor refers parties to the *Declaration of Silvio Spallone In Support Of First Day Motions* (the "First Day Delcaration") for additional background regarding the Debtor.

## Summary of Relief Sought[1]

4. The DIP Lender (as defined below) has agreed to provide the Debtor with a post-petition credit facility in the principal amount up to $60,000 (the "**Postpetition Financing**") on the terms and subject to the conditions set forth in the proposed order that is attached hereto as **Exhibit A** (the "**Proposed Order**"). The Proposed Order provides for financing to be allowed as a priority administrative expense of the estate. The following are the significant terms of the proposed financing:

   a. Loan Amount: $60,000;

   b. Interest rate: 10% per annum; default interest rate is 18% per annum;

   c. 5% loan origination fee;

   d. Obligations under loan to be allowed as an administrative expense, subordinate only to bankruptcy counsel's legal fees and US Trustee fees;

   e. Maturity: the earlier to occur of: (i) 60 days from the entry of a final order approving the Postpetition Financing, (ii) the closing of sale of all or any portion of Collateral, or (iii) the date the Court enters an order confirming a plan of reorganization in the Debtor's case.

5. The Debtor believes that the relief requested herein is critical to its ability to operate as a going-concern and to preserve and protect the value of the Debtor's assets and business operations for its creditors, customers and estate. Without obtaining authority to borrow funds pursuant to the Postpetition Financing, the Debtor believes that he will be unable to operate in a competitive manner or obtain the necessary support from its suppliers and customers. Absent immediate approval of the Postpetition Financing as set forth herein and in

---

[1] Capitalized terms used in this Summary of Relief Sought section without definition have the meanings provided for such terms later in the Motion.

the Proposed Order, the Debtor may not be able to continue its operations, which will result in irreparable harm to the estate and its creditors.

## Jurisdiction

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## The Debtor's Negotiations to Acquire Postpetition Financing

7. An immediate need exists for the Debtor to obtain funds and financial accommodations with which to continue to operate its business, meet its payroll and other necessary, ordinary course business expenditures, acquire goods and services, administer and preserve the value of its estate, and maintain adequate cash balances customary and necessary for companies of this size in this industry to maintain customer confidence. The ability of the Debtor to finance its operations requires the availability of additional working capital, the absence of which would immediately and irreparably harm the Debtor, its estate, and its creditors. The Debtor needs the working capital to preserve the confidences of vendors, suppliers and customers and to preserve the going concern value of the business.

8. Given the Debtor's financial condition and capital structure, the Debtor requires additional liquidity in order to operate the restaurant. Other than Queensboro Management, Inc. (the "**DIP Lender**"), no third party lender has indicated a willingness to lend money to the Debtor on an unsecured basis.

9. The DIP Lender has agreed to provide the Debtor postpetition financing which will be effectuated through the entry of an order containing the identical terms as those in the attached Proposed Order. The Debtor requires postpetition financing in order to maintain sufficient availability to pay suppliers, employees and other creditors that are vital to preserving

4

the value its estate and maintaining operations.  These obligations are set forth in the Budget attached to this Motion as **Exhibit B** (the "**Budget**").  All obligations in the Budget becoming due before the final hearing on the Motion must be paid to avoid immediate and irreparable harm to the Debtor's estate.

10. The Debtor and its estate are receiving a substantial and direct benefit from the financing requested in this Motion.  The Debtor is receiving reasonably equivalent value in the form of financing and other rights and benefits being provided and made available under the Postpetition Financing in exchange for the obligations incurred by the estate thereunder.

11. The Debtor's decision to obtain the postpetition financing is a result of the exercise of sound and reasonable business judgment.  The proposed financing is necessary, essential and appropriate for the continued operations of the Debtor's businesses and preservation of the assets of the estate.  Given the circumstances of this case and of the Debtor and DIP Lender, the terms of the Postpetition Financing and related transactions are fair, reasonable and adequate and the proposed financing is in the best interest of Debtor's estates.  The terms of the Postpetition Financing were negotiated in good faith and the Debtor reasonably believes that no alternative financing is available on any other basis. No better offers, commitments or timely proposals were presented to the Debtor.  Accordingly, the Debtor requests authority to obtain credit under §§ 364(b) of the Bankruptcy Code.

12. The ability of the Debtor to finance its operations and the availability of sufficient working capital through the incurrence of indebtedness for borrowed money and other financial accommodations is vital to the Debtor's ability to preserve and maintain the going concern value of its assets.

13. The relief requested in the Motion is necessary, essential, and appropriate for the continued operation of the Debtor's business and the preservation of the Debtor's estate.

## The Proposed Postpetition Financing

14. The Debtor and the DIP Lender have reached an agreement on the terms and conditions of a postpetition debtor-in-possession financing arrangement. The material terms and conditions of the Postpetition Financing are embodied in the attached Proposed Order. It is contemplated that the Postpetition Financing will be extended to the Debtor upon the entry of this Interim Order by the Bankruptcy Court.

15. The total credit provided under the Postpetition Financing is $60,000. Parties should refer to the Proposed Order for the principal terms of the Postpetition Financing.

## Relief Requested

16. By this Motion, the Debtor seeks authority to enter into the Postpetition Financing. The Debtor requests that the Court enter interim and final orders pursuant to Bankruptcy Code sections 105(a), 364, and 507 (the "**Interim Order**" and "**Final Order**" respectively and collectively the "**Orders**"):

    a. authorizing the Debtor to (a) obtain up to $60,000 of postpetition financing from the DIP Lender in the form outlined in the attached Proposed Order and (b) grant the DIP Lender priority administrative claims pursuant to 11 U.S.C. §364(b) and 11 U.S.C. §364(c)(1);

    b. approving the form of notice of and scheduling a final hearing pursuant to Bankruptcy Rule 4001(c)(2) no earlier than 14 days after service of the Motion, but no later than 30 days after the Petition Date, at which the Debtor will seek entry of a Final Order authorizing and approving the Postpetition Financing;

The requested relief is necessary for Debtor to meet postpetition working capital needs and to preserve the value of the bankruptcy estate for the benefit of creditors.

**Law and Argument.**

A.   The Postpetition Financing Satisfies the Standards of Bankruptcy Code Section 364.

17.   The procurement of postpetition credit is governed by section 364 of the Bankruptcy Code. That section provides, in relevant part:

> (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or incurring of debt --
>
> > (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

11 U.S.C. § 364(c).

18.   When seeking financing under section 364(c), a debtor must make a reasonable effort to seek other sources of unsecured credit available, but "is not required to seek credit from every possible source," and is granted considerable deference in acting in accordance with its business judgment. *In re Bray v. Shenandoah Fed. Sav. & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085 (4th Cir. 1986); *In re Ames Department Store, Inc.,* 115 B.R. 34 (S.D.N.Y. 1990). The Debtor does not have any other comparatively favorable financing source to fund the amounts needed to sustain its business during the chapter 11 case. The DIP Lender provided the Debtor with the requisite credit availability. Because of the Debtor's financial condition, the Debtor reasonably believes that it could not have obtained such financing on more favorable terms than those offered by the DIP Lender. Because the Debtor has a need for the financing offered by the DIP Lender to meet the ongoing working capital needs of the Debtor and to preserve and enhance their going concern value, the Debtor has satisfied his burden of showing the unavailability of alternative unsecured financing.

19.   Having determined that postpetition financing was available only under Bankruptcy Code section 364(c), the Debtor negotiated the Postpetition Financing in accordance

with its sound business judgment. In negotiating debtor-in-possession financing arrangements, courts "permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties." *Id.* at 38. Courts will evaluate the facts and circumstances of a debtor's case, and will accord significant weight to the necessity for obtaining financing so long as it does not run afoul of the provisions of and policies underlying the Bankruptcy Code. *See, e.g., In re Snow Shoe,* 789 F.2d 1085 (4th Cir. 1986) (approving postpetition financing necessary to sustain seasonable business); *Ames,* 115 B.R. at 40 ("Cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit parties in interest."). Courts generally will not override the debtor's prudent and responsible exercise of its business judgment consistent with its fiduciary duties to the bankruptcy estate and its creditors in negotiating an appropriate financing package. *See In re Simasko Prod Co.,* 47 B.R. 444 (Bankr. D. Colo. 1985) (noting that business judgment should be left to the boardroom and not to the bankruptcy courts).

20.     The financing contemplated by the Postpetition Financing benefits the Debtor's bankruptcy estate and the estate's creditors. It is critical to the preservation and enhancement the Debtor's business and going concern value. With the credit provided under the Postpetition Financing, the Debtor will be able to obtain services in connection with its ongoing operations, including paying its employees, maintaining adequate cash balances, and operating its business in order to preserve the ongoing value of their assets and enterprise for the benefit of all creditors. The availability of credit under the Postpetition Financing will provide Debtor's vendors and suppliers the necessary confidence to continue or resume ongoing relationships with Debtor, including the extension of credit terms for the payment of services.

21. Moreover, the implementation of the Postpetition Financing will also likely be viewed favorably by the Debtor's employees and customers, thus helping to promote the Debtor's successful reorganization or sale. Without the financing furnished by the Postpetition Financing, the Debtor will not be able to meet its payroll and other direct operating expenses, will suffer irreparable harm, and its entire reorganization effort will be jeopardized. Accordingly, this Court should authorize the Debtor to obtain postpetition financing to the extent and pursuant to the terms contained in the attached Proposed Order.

22. The terms and conditions of the Postpetition Financing are fair and reasonable and were negotiated by the parties in good faith. Accordingly, the DIP Lender should be accorded the benefits of Section 364(e) of the Bankruptcy Code in respect of the Postpetition Financing.

## Conclusion

23. Based on the foregoing, the Court should enter the Orders (a) granting the Debtor the authority to enter into the Postpetition Financing and granting priority administrative expense thereunder and approving all of the terms and conditions of the Postpetition Financing, (b) approving the form of notice of and scheduling a final hearing, and (c) granting the Debtor such other legal and equitable relief to which they are entitled.

> Respectfully Submitted,
> HOUGH ROBSON, PL
> Proposed Counsel for the Debtor
> 2450 Hollywood Boulevard, Suite 706
> Hollywood, FL 33020
> Tel:    (954) 239-4760
> Fax:    (954) 239-4761
>
> By:____/s/ Jaclyn Gonzalez_____
>     Grace E. Robson
>     Florida Bar No. 0178063
>     Email: grobson@houghrobson.com
>     Jaclyn Gonzalez
>     Florida Bar No. 068874
>     Email: jgonzalez@houghrobson.com

---

[i] Undersigned counsel requests the ability to appear by phone during the period of October 12 – 15.