UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

307 EAST LLC,                                    Case No. 10-41178-EPK

      Debtor.                                    Chapter 11
_____/

## DECLARATION OF SILVIO SPALLONE IN SUPPORT OF FIRST DAY MOTIONS

1. I am Silvio Spallone. I am over the age of 18 and unless otherwise stated, am familiar with the matters contained herein. I am the designated manager of 307 East LLC (the "Debtor") and am intimately involved with the Debtor's day-to-day operations and finances.

2. I make this declaration in support of the petitions, and relief requested in the motions filed contemporaneously herewith (the "First Day Motions").

### About the Debtor

3. 307 East LLC owns and operates a restaurant and bar known as Paddy McGee's in Delray Beach, Florida.

4. The restaurant has been open and operating since May 2010.

### Prepetition Debt

A. Queensboro Management, Inc.

5. Prior to the Petition Date, Queensboro Management, Inc. ("Queensboro") loaned $812,190.25 to 307 East LLC to complete the remodeling and build-out of the restaurant facilities located at 307 East Atlantic Avenue, Delray Beach, Florida 33483. 307 East LLC, through its designated manager, executed a promissory note on May 1, 2010 reflecting the debt of $812,190.25.

6. As of the Petition Date, I believe the outstanding principal balance due to Queensboro is $812,190.25 (the "Queensboro Prepetition Obligations").

7. It is my understanding that on May 6, 2010, Queensboro filed a UCC-1 financing statement that purports to cover, among other things, "[a]ll furniture, fixtures, equipment and all capital improvements located at 307 East Atlantic Avenue, Delray Beach, Florida 33483 (including but not limited to the above) in the amount of $812,190.25."

## Relief Requested

### Sales Tax, Prepetition Wages and Withholding Obligations

8. The Debtor currently employs 27 people.

9. The pay period runs from Monday through Sunday each week and employees are paid on a weekly basis each Friday.

10. Paychex, a third party payroll processor, processes all paychecks and collects a small fee for their services.

11. The average gross payroll totals $6,350.00 per week. The outstanding pre-petition amounts owed to the Debtor's employees totals approximately $7,462.00.

12. In the ordinary course of the Debtor's business, it withholds from employees' wages federal income withholding, payroll, employment, unemployment, social security, and similar taxes, including, but not limited to, taxes relating to the Federal Insurance Contributions Act ("FICA") and the Federal Unemployment Tax Act ("FUTA") (collectively and as defined above, the "Payroll Taxes"). The average weekly Payroll Taxes total approximately $841.00.

13. It is extremely important and critical for the Debtor to be able to pay its employees their pre-petition wages. I believe that if the employees are not paid their pre-petition wages, they would resign which would severely disrupt and harm the Debtor's business.

14. Further, the employees would likely face their own hardship if the pre-petition wages were not paid.

15. The Debtor also collects and remits sales taxes on a monthly basis in its normal course of operations. September's sales taxes, totaling $5,188.27 are due on October 20, 2010. Sales taxes from October 1 through the Petition Date are estimated at less than $2,000. It is my understanding that the Debtor may face penalties and fines from the taxing authorities if it fails to pay its sales tax obligations on time.

### Post-Petition Financing

16. In addition to the need to pay pre-petition wages and related payroll taxes, the Debtor has a corresponding and immediate need to obtain financing to continue to operate its business, meet its payroll and other necessary, ordinary course business expenditures, acquire goods and services, administer and preserve the value of its estate, and maintain adequate cash balances customary and necessary for its business.

17. In the absence of additional working capital, there would be an immediate and irreparable harm to the Debtor, its estate, and its creditors. The Debtor needs the working capital to preserve the confidences of vendors, suppliers and customers and to preserve the going concern value of the business.

18. The Debtor has attached a budget (the "**Budget**") to the motion seeking approval of the post-petition financing. All obligations in the Budget becoming due before the final hearing on the Motion must be paid to avoid immediate and irreparable harm to the Debtor's estate.

19.     Without the financing, the Debtor would be unable to meet its payroll obligations, lose employees, be unable to purchase goods and unable to generate revenue to meet its other obligations.

## Events Leading to Bankruptcy

20.     The Debtor incurred significant debt obligations relating to the build out of the Property.  Pursuant to the Debtor's operating agreement (the "Operating Agreement"), the Debtor is a manager managed limited liability company.  The Debtor's manager is Cindy Spallone.  The Debtor has two members, The Delray Restaurant Group, LLC ("DRG") and Vista Point, LLC ("Vista Point").  Pursuant to the Operating Agreement, Vista Point was to "take over possession and management of the Premises."   In addition, Vista Point was "responsible to complete the build out and establish fixed operations to operate a food and liquor establishment at said location known as 307 East Atlantic Avenue, Delray Beach, Florida 33483."  DRG was required to "fully cooperate with [Vista Point] in the construction and establishment of the Premises."  The Debtor hired Queensboro Management, Inc. ("Queensboro") to provide construction and improvements to the property as well as financed the build out through Queensboro.  Subsequently, DRG sued the Debtor, Vista Point, Queensboro, Silvio Spallone and Cindy Spallone in state court regarding the build out and Operating Agreement.  Although the build-out of the restaurant was completed and the restaurant is now open for business, the Debtor was not adequately capitalized and it is not generating enough revenue to pay its debts when due.

21.     For the foregoing reasons, the Debtor respectfully request that the Court grant the relief requested in the First Day Motions.

22.     This concludes my declaration.

## 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 13, 2010.

By: 307 East LLC

By: _____

Silvio Spallone, manager by designation